UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHE'AMIR WRIGHT, | : | CIVIL NO. **1:CV-06-1997** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| FRANK TENNIS, et al., | : | |
| Respondents | : | |

**REPORT AND RECOMMENDATION**

Che'Amir Wright, an inmate at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 10, 2006. (Doc. 1).

A 28 U.S.C. §2254 petition may be brought in the federal judicial district in which the state court of the conviction is located and, when the prisoner is confined in a prison located in another federal district in the same state as the state of conviction, the petition may be brought in the district of confinement. The district court for the district in which the petition is filed may transfer the petition to the district court for the district of the conviction when to do so is in the interests of justice. 28 U.S.C. §2241(d).

Petitioner is challenging a 1994 first degree murder conviction in the Philadelphia County Court of Common Pleas. (*Id.*, p. 1).[1] Petitioner is serving a life sentence.

The petitioner is a prisoner at the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, which is in this district. He is challenging a conviction in Philadelphia County, Pennsylvania, which is in the Eastern District of Pennsylvania. All records of conviction, transcripts of proceedings, witnesses, and counsel are located within the Eastern District of Pennsylvania. Petitioner, in part, claims that his trial counsel was ineffective and claims that his guilty plea was not voluntarily and knowingly made. Since all of Petitioner's state court records are located in Philadelphia County, we find that this habeas petition should be transferred to the Eastern District of Pennsylvania.

It will be in the interests of justice to transfer this petition to the United States District Court for the Eastern District of Pennsylvania.

---

[1]We make no ruling as to if Petitioner's habeas petition is timely under the AEDPA, and recommend that this determination be made by the Eastern District of Pennsylvania District Court.

Based on the foregoing, it is respectfully recommended that this case be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

**s/Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 21, 2006**

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHE'AMIR WRIGHT, | : | CIVIL NO. **1:CV-06-1997** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| FRANK TENNIS, et al., | : | |
| | : | |
| Respondents | : | |

**NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing Report and Recommendation dated **November 21, 2006.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where

required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: November 21, 2006**